# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

SHERI SAWYER, as personal :
representative of the estate of THOMAS
RANDALL SAWYER, JR., :

    Plaintiff, :

vs. : CA 20-0234-KD-MU

COOPER TIRE & RUBBER COMPANY, :
etc., et al.,
                                        :

    Defendants.

## **REPORT AND RECOMMENDATION**

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b) and S.D. Ala. GenLR 72(a)(2)(S), on the notice of removal (Doc. 1), Plaintiff's motion to remand (Doc. 11), Defendant Cooper Tire & Rubber Company's opposition to remand (Doc. 15), and Plaintiff's reply (Doc. 17). The Magistrate Judge recommends that the Court **GRANT** Plaintiff's motion to remand (Doc. 11) and **REMAND** this cause to the Circuit Court of Mobile County, Alabama.[1]

---

[1] Given this conclusion, the undersigned gives no consideration to Cooper Tire & Rubber Company's ("Cooper Tire") motion to dismiss for lack of personal jurisdiction (*see* Doc. 10). *See, e.g., Liljeberg v. Continental Tire The Americas, LLC,* 2012 WL 602306, *1 (M.D. Ala. Feb. 24, 2012) (finding it "unnecessary . . . to rule on the Rule 12(b)(2) motion[,]" given the determination that Plaintiff's motion to remand was due to be granted).

**RELEVANT FACTS AND PROCEDURAL HISTORY**

On March 31, 2018, Thomas Randall Sawyer, Jr., was a passenger in a 2004 GMC Envoy driven by Defendant Joseph Daniel Coggin, a resident of Mobile County, Alabama, southbound on State Highway 217 in Mobile County, Alabama. (*See* Doc. 1, Exhibit A, COMPLAINT FOR WRONGFUL DEATH, at ¶¶ 1-2, 4 & 17). Coggin's vehicle was equipped with Cooper CS4 Touring tires. (*See id.* at ¶ 5 & 17). As Coggin and Sawyer traveled down State Highway 217, the right rear tire tread on the vehicle's Cooper CS4 Touring tire separated suddenly and without warning (*id.* at ¶ 17) which caused the vehicle to become unstable and slide to the right (*see id.* at ¶ 18). Coggin "was unable to maintain control of the vehicle and, upon attempting to bring the subject vehicle back into the lane of traffic, crossed both travel lanes, struck a ditch and began to overturn, coming to a final rest on the driver's side facing north." (*Id.*). Sawyer died as a result of the injuries he sustained in the one-vehicle accident. (*See id.* at ¶ 19).

On March 24, 2020, Sherri Sawyer, as Personal Representative of the Estate of Thomas Randall Sawyer, Jr., filed a Complaint for Wrongful Death, under Alabama's Wrongful Death Act, against Cooper Tire, Coggin and unidentified fictitious parties in the Circuit Court of Mobile County, Alabama. (Doc. 1, Exhibit A, COMPLAINT FOR WRONGFUL DEATH). Plaintiff's Complaint sets forth four causes of action against Cooper Tire (*see id.* at 6-29) and a negligence cause of action against Coggin (*id.* at 29, ¶¶ 121-24).

    121.    Plaintiff repleads paragraphs 1 through 120.

    122.    According to the information contained in the police report, Defendant Joseph Daniel Coggin lost control of his vehicle during the tread separation sequence.

> 123. Insofar as the police report indicates, Defendant Coggin's actions may have been an overreaction, it may be argued that he was negligent in causing the subject accident.
>
> 124. As a direct and proximate cause of [] such negligence of Defendant Coggin, the Decedent suffered severe injuries ultimately resulting in his death.

(*Id.*).

Cooper Tire removed the case to this Court on April 22, 2020 pursuant to 28 U.S.C. § 1441. Cooper Tire asserted that this Court can exercise 28 U.S.C. § 1332 diversity jurisdiction because there is complete diversity of citizenship between Plaintiff and Cooper Tire and Coggin's Alabama citizenship should "be disregarded because he was fraudulently joined to defeat federal diversity jurisdiction." (Doc. 1, at 3; *see id.* at 2 ("Complete diversity exists between all parties on the face of the Complaint, but Coggin is a resident defendant."[2])). Cooper Tire's fraudulent joinder attack is two-pronged. First, it contends the Complaint fails to state a claim against Coggin because plaintiff does not actually allege that Coggin acted negligently. (*See id.* at 3-4). According to Cooper Tire, the allegations that "Coggin's actions <u>may have been</u> an overreaction" and "it <u>may be argued</u> that he was negligent in causing the subject accident" merely anticipate a potential future controversy and do not suffice to create subject matter jurisdiction. (*See id.*). Second, Cooper Tire contends that Alabama's Guest Statute bars Plaintiff's negligence claim(s) against Coggin because the accident on March 31, 2018 did not arise in the context of a "for hire" or carrier situation. (*See id.* at 4-6). Plaintiff filed a

---

[2] Cooper Tire's reference in this regard is to the forum defendant rule in 28 U.S.C. § 1441(b)(2), which provides as follows: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.*

3

motion to remand on May 21, 2020 (Doc. 11) and the parties have completed all briefing (*compare* Doc. 12 *with* Docs. 15 & 17). This matter is ripe for a decision.

## CONCLUSIONS OF LAW

A. **Federal Jurisdiction and Removal**.

"Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted), *abrogated on other grounds as recognized in Overlook Gardens Properties, LLC v. ORIX USA, L.P.*, 927 F.3d 1194 (11th Cir. 2019); *see also Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir.) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."), *cert. denied*, 540 U.S. 877, 124 S.Ct. 277, 157 L.Ed.2d 140 (2003); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."); *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)). Moreover, the removing defendant must bear "the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citation omitted). Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . . presumed that a cause

4

lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen, supra*, 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations omitted).

Generally speaking, a defendant like Cooper Tire may remove a case from state court to federal district court if the case is a civil action over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Original jurisdiction includes diversity jurisdiction under 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"). *PTA-FLA, Inc. v. ZTE USA, Inc.,* 844 F.3d 1299, 1305 (11th Cir. 2016). The parties here are completely diverse and the amount-in-controversy requirement is satisfied. Plaintiff is a citizen of Florida (*see* Doc. 1, Exhibit B, Letters of Administration), [3] Cooper Tire is considered a citizen of Delaware and Ohio, and Coggin is a citizen of Alabama. The pleadings indicate that the amount in controversy in this wrongful death case exceeds $75,000 and Plaintiff makes no argument that the amount-in-controversy requirement is not met (*see* Doc. 11).

However, the forum-defendant rule set forth in §1441(b) "bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t]

---

[3] *See* 28 U.S.C. § 1332(c)(2) (providing that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent").

5

is a citizen of the State in which [the] action is brought.'" *Lincoln Property Co. v. Roche,* 546 U.S. 81, 90, 126 S.Ct. 606, 613, 163 L.Ed.2d 415 (2005), quoting 28 U.S.C. § 1441(b)(2).[4] Here, a Florida plaintiff joined an Alabamian (Coggin) as a party defendant. To establish a basis for removal, Cooper Tire argues that Coggin was fraudulently joined to defeat removal based on federal diversity jurisdiction. (*See* Doc. 1, at 3, citing *Henderson v. Washington Nat'l Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir. 2006)). Plaintiff denies that she fraudulently joined Coggin as a defendant; thus, that issue is joined for this Court's consideration. *See Bowman v. PHH Mortgage Corp.,* 423 F.Supp.3d 1286, 1293 (N.D. Ala. 2019), *appeal dismissed,* 2020 WL 1847512 (11th Cir. Feb. 26, 2020).

**B.     Fraudulent Joinder**.

"To prove fraudulent joinder, a defendant must show by clear and convincing evidence that 'there is no possibility the plaintiff can establish a cause of action against the resident defendant . . ..'" *Crowe v. Synthes Spine, Inc.,* 2019 WL 246684, *2 (N.D. Ala. Jan. 17, 2019), quoting *Henderson v. Washington Nat'l Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir. 2006) (other citation omitted); *see also Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) ("[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary."); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants,

---

[4]     "When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson,* 454 F.3d at 1281 (citation omitted).

6

the federal court must find that the joinder was proper and remand the case to the state court.'").[5] Thus, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id.* (citation omitted); *see also Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").[6]

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. . . . In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez*, 139 F.3d at 1380 (citations omitted).

> While "the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)," the jurisdictional inquiry "must not subsume substantive determination." Over and over again, we stress that

---

[5] The Eleventh Circuit has identified two other situations in which joinder has been deemed fraudulent. The second situation is where there is outright fraud in the pleading of jurisdictional facts by the plaintiff, *Triggs,* 154 F.3d at 1287, and the third scenario is "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* Cooper Tire makes clear in its notice of removal that this cause concerns only the first type of fraudulent joinder. (Doc. 1, at 2 ("A party is considered fraudulently joined when 'there is no possibility that the plaintiff would be able to establish a cause of action' against it. . . . The Eleventh Circuit has clarified that "[t]he potential for legal liability must be reasonable, not merely theoretical.'")).

[6] Because the removing defendant must show by clear and convincing evidence that there is no possibility plaintiff can establish a cause of action against the resident defendant, *Henderson*, 454 F.3d at 1281, courts describe the burden on the removing parties to prove fraudulent joinder as a "heavy one." *Crowe*, 113 F.3d at 1538 (citation omitted).

7

> "the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits."

*Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997) (internal citations omitted).

"In a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" *Pacheco de Perez*, 139 F.3d at 1380-1381, quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *see also Ullah v. BAC Home Loans Servicing LP,* 538 Fed.Appx. 844, 846 (11th Cir. Aug. 16, 2013) ("The standard for evaluating whether the plaintiff can establish a cause of action against the resident defendant is very lenient: 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'").

In *Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329 (11th Cir. 2011), the court made clear that the fraudulent joinder standard "differs from the standard applicable to a 12(b)(6) motion to dismiss." *Id.* at 1333.

> To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In contrast, all that is required to defeat a fraudulent joinder claim is "a possibility of stating a valid cause of action." *Triggs,* 154 F.3d at 1287.

*Id.* Indeed, the appellate court went on to stress that "[n]othing in our precedents concerning fraudulent joinder requires anything more than conclusory allegations or a certain level of factual specificity. All that is required are allegations sufficient to establish 'even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants'" *Id.* at 1334, quoting *Coker*

8

v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983). And, finally, the Stillwell court reminded district courts that "[t]o determine whether it is possible that a state court would find that the complaint states a cause of action, [they] must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." Id.

1. **<u>Whether Plaintiff's Complaint States a Negligence Claim Against Coggin</u>**. Cooper Tire contends that Coggin has been fraudulently joined because Plaintiff failed to state a claim against him in the Complaint. The removing Defendant focuses on the requirements of Ala.R.Civ.P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief") and contends that Plaintiff's use of the phrases that "Coggins actions *may have been* an overreaction" and that "it *may be argued* that he was negligent in causing the subject accident[]" show merely an anticipation of a possible future controversy or claim but no justiciable controversy sufficient to establish subject matter jurisdiction in any Alabama court. (*See* Doc. 1, at 3-4; Doc, 15, at 2-4).

Under Alabama law, a plaintiff has sufficiently pled a claim when she gives the opposing party "fair notice of the pleader's claim and the grounds upon which it rests" and is sufficient even if it contains only "a generalized statement of facts which will support a claim for relief[.]" *McKlevin v. Smith,* 85 So.3d 386, 389 (Ala.Civ.App. 2010) (citations and internal quotation marks omitted). In other words, "Alabama is a 'notice pleading' state[,]" *Surrency v. Harbison,* 489 So.2d 1097, 1104 (Ala. 1986) (citation omitted), and under its notice pleading standard a complaint is sufficient if it puts the defendant on notice of the actions against which he must defend, *Gilley v. Southern*

9

*Research Institute,* 176 So.3d 1214, 1220 (Ala. 2015); *see also Childers v. Darby,* 163 So.3d 323, 327 (Ala. 2014) ("Rule 8, Ala.R.Civ.P. provides that a complaint is sufficient if it puts a defendant on notice of the claims asserted against him or her."). Indeed, "[i]t is settled law that the purpose of notice pleading is to provide a defendant with adequate notice of the claims against [him] and that, pursuant to the rules of pleading, a court will construe a pleading liberally to effect the purpose of the Alabama Rules of Civil Procedure." *Ex parte Stenum Hosp.,* 81 So.3d 314, 317-18 (Ala. 2011) (citation omitted). As a result, "even if a complaint is inartfully drawn, so long as the complaint places the defendant[] on notice of the claim, the complaint is sufficient." *Fan v. Qualitest Pharmaceuticals,* 120 So.3d 1076, 1079-1080 (Ala.Civ.App. 2013) (citation omitted).

Under this standard, Alabama courts would read Plaintiff's complaint in this case to place Coggin on notice that a negligence claim was lodged against him due to the actions he took after his tire blew and he lost control of his vehicle. While ¶ 123 of Plaintiff's complaint may be regarded, as Plaintiff has allowed, as inartful—"[i]nsofar as the police report indicates, Defendant Coggin's actions may have been an overreaction, it may be argued that he was negligent in causing the subject accident"—¶ 124 clarifies that Plaintiff alleges Coggin's actions were negligent—"[a]s a direct and proximate cause of [] **such negligence of Defendant Coggin**, the Decedent suffered severe injuries ultimately resulting in his death." (*Id.* (emphasis supplied)).

The undersigned agrees with Plaintiff's argument in her reply (Doc. 17) that at worst she may be "guilty of inartful pleading[,] not fraudulently joining [Coggin] to avoid federal court." *Alred v. Preferred Compounding Corp.,* 2020 WL 429486, *11 (N.D. Ala.

Jan. 28, 2020); compare id. with Fan, supra, 120 So.3d at 1079-80; see also Shellhammer v. Roche Laboratories, Inc., 2008 WL 2782689, *3 (M.D. Fla. July 16, 2008) ("[A]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous, or technically defective pleading must be resolved in favor of remand to state court."); see McKenzie v. Janssen Biotech, Inc., 2017 WL 2670738, *8 (S.D. Ala. June 21, 2017) ("[T]he defendants have shown that the Complaint and Amended Complaint may have significant defects. The Court cannot find on this record, however, that such problems are necessarily insurmountable for the [plaintiffs]. Under the circumstances presented here, it is properly left to the Alabama courts to decide the sufficiency of the pleadings and whether plaintiffs have actually stated a claim against the non-diverse defendant . . . . ."). Accordingly, the undersigned concludes that an Alabama state court would find that Plaintiff's Complaint does not run afoul of Rule 8 of Alabama's Rules of Civil Procedure because it puts Coggin on notice of the actions against which he must defend, such that it is certainly possible that the state court would find that the complaint states a negligence cause of action against Coggin[7].[8]

---

[7] Just as important, it is certainly clear in this case that Plaintiff has "a possibility of stating a valid cause of action" against Coggin such that his joinder in this action was legitimate. See Triggs, supra, 154 F.3d at 1287.

[8] The undersigned finds that the justiciable controversy/subject-matter jurisdiction cases Cooper Tire relies on in its brief (see Doc. 15, at 2-3, citing Smith v. Alabama Dry Dock & Shipbuilding Co., 309 So.2d 424, 427 (Ala. 1975); Surles v. City of Ashville, 68 So.3d 89, 94 (Ala. 2011); and Baldwin County v. Palmtree Penthouses, Ltd., 831 So.2d 603, 608 (Ala. 2002)) have no application in this case, a single-car accident after a tire blowout that resulted in the death of the front-seat passenger. This case presents a justiciable controversy.

Moreover, Minton v. Whisenant, 402 So.2d 971, 973 (Ala. 1981), decided in the Rule 9(h) fictitious party context (see Doc. 14, at 3-4), offers Cooper Tire no safe haven because in that case the Plaintiff knew the identity of the defendant but did not name him because he purportedly did not have facts giving him a cause of action against the defendant. The court ultimately determined that Rule 9(h) does not operate when the cause of action is unknown, (Continued)

This line of attack, therefore, offers no basis for this Court to conclude that Coggin was fraudulently joined to defeat the removal of this action to federal court.

    **2.** **Alabama's Guest Statute.** Cooper Tire alternatively bases the propriety of removal on its position that Alabama's Guest Statute, Ala.Code § 32-1-2, bars any negligence claim against Coggin. (*See* Doc. 1, at 4-6). Alabama's Guest Statute provides that:

> [t]he owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death ***of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof,*** unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of the motor vehicle.

Ala.Code § 32-1-2 (emphasis supplied). The pivotal inquiry for this Court, as proffered by Cooper Tire, is whether the decedent, Thomas Randall Sawyer, Jr., was a "guest" of Coggin on March 31, 2018, as Alabama's statute contemplates. (*See* Doc. 1, at 5). The statute itself does not define guest; however, the Alabama Supreme Court has provided significant guidance in this regard. *See, e.g., Hurst v. Sneed,* 229 So.3d 215, 218-219 (Ala. 2017).

> The general rule is that if the transportation of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than such as are incidental to hospitality, good will or the like, on the person furnishing the transportation, the rider is a guest; but if his carriage tends to promote the mutual interest of both [the rider] and the driver for their common benefit, thus creating a joint business relationship between the motorist and his rider, or if the rider accompanies the driver at the instance of the driver for the purpose of having the rider render a benefit or service

---

only when the party is unknown; thus, a plaintiff must state a cause of action against the fictitious party. *See id.* at 973-94. Here, of course, Plaintiff has actually identified Coggin as a defendant and given Coggin fair notice of the actions against which he must defend. As a result, it is possible a state court would find the complaint states a negligence cause of action against Coggin.

12

> to the driver on a trip that is primarily for the attainment of some objective of the driver, the rider is a "passenger for hire" and not a guest.
>
> . . .
>
> The general rule . . . regarding whether a rider in a vehicle is considered a "guest" or a "passenger for hire" for purposes of the Alabama Guest Statute, has three components: (1) if the transportation of a rider confers a benefit only on the rider, and no benefits, other than such as are incidental to hospitality, good will, or the like, on the driver, the rider is a guest; (2) if the transportation tends to promote the mutual interest of both the rider and the driver for their common benefit, thus creating a joint business relationship between the motorist and his or her rider, the rider is a "passenger for hire" and not a "guest"; and (3) if the rider accompanies the driver at the instance of the driver for the purpose of having the rider confer a benefit or service to the driver on a trip the primary objective of which is to benefit the driver, the rider is a "passenger for hire" and not a "guest."

*Id.* at 218 & 219 (internal citation, quotation marks, and emphasis omitted).

In support of Thomas Randall Sawyer's "guest" status in Coggin's vehicle, Cooper Tire merely points to an April 20, 2019 Facebook post by Plaintiff referring to Coggin and several others as her deceased son's "'[b]est [f]riends in Alabama'" and Coggin's mother as her deceased son's "'2ndMommy[.']" (Doc. 1, at 5, quoting Facebook Post, which is Reprinted on the Page). Cooper Tire then asserts from these two Facebook references that this case clearly does not involve "a 'for hire' or carrier situation." (*Id.*). However, these Facebook post references only support what is in clear print, that the decedent and Coggin were close friends and that Coggin's mother was the decedent's second mother. The posts fail to establish that Thomas Sawyer was a guest, as opposed to a passenger for hire, in Coggin's vehicle on March 31, 2018.

> The general rule is that the sharing of the cost of operating a car on a trip, when the trip is undertaken for pleasure or social purposes and the invitation is not motivated by, or conditioned on, such sharing, is nothing more than the exchange of social amenities and does not transform into a passenger for hire one who, without the exchange, would be a guest.

13

> However, where the offer of transportation is conditioned on the passenger's contribution toward the expenses, or where it appears that the arrangement for transportation bears one or more indicia of a business arrangement, especially where the arrangement is specifically for transportation, or comprehends a trip of considerable magnitude, or contemplates the repetition of more or less regular rides, the person paying for gasoline and oil consumed or contributing toward other automobile expenses is held to be a passenger for hire and not a guest. This is true even though the ultimate purpose of the arrangement may be for pleasure. . . . Based on the rule of law stated in these cases, we find that there is a question of fact that should be determined by the jury. ***These two students were good friends who were often together in a social manner; however, they also had an arrangement for transportation that contemplated regular trips of considerable magnitude.*** A jury, therefore, could consider the relations between the driver and the passenger, such as: implied and expressed arrangements made between them as to the conduct of the particular trip, the purpose of the trip, the benefits accruing to the driver and to the passenger from the trip, and any other factors that bring into proper focus the true status of the driver and the passenger at the time of the accident.

*Sellers v. Sexton,* 576 So.2d 172, 174 & 174-75 (Ala. 1991) (emphasis supplied). Critically missing from Cooper Tire's submission are the circumstances which brought Sawyer and Coggin together on March 31, 2018 in Coggin's car, the trip's purpose and the arrangement under which they were riding. *See id.* Absent such evidence, which could have been obtained from the driver as in *Hudson v. Illinois Central Railroad Co.,* 2018 WL 1004877, *5 (Jan. 25, 2018) (driver of a vehicle, Diamante Jackson, supplied an affidavit stating "'Kendric Jackson was a passenger in my car at the time of the accident. Kendric was a close friend, and we were headed up to the mall to hang out together before meeting up with school friends for dinner. We had no goal other than to have a fun time with friends. We had no work-related or business purpose, and Kendric was not riding with me to provide any kind of service to help me with any task. Kendric did not pay me any money. I received nothing in return for giving Kendric a ride except companionship.")), *report and recommendation adopted,* 2018 WL 1002621 (S.D. Ala.

Feb. 21, 2018), this Court has no basis upon which to agree with the removing party that Thomas Sawyer was a "guest" in Coggin's vehicle on March 31, 2018, thereby barring Plaintiff's negligence claim against Coggin under Alabama's Guest Statute. *See Baker v. Tri-Nations Express, Inc.,* 531 F.Supp.3d 1307, 1314 (M.D. Ala. 2008) ("No pleading submitted by either party has revealed the purpose of the Bakers' trip, the arrangement under which they were riding, or whether it was for mutual benefit. Although this court makes no decision as to whether the statute applies or not, it potentially does not. This court therefore cannot say that there is no possibility that a state court would find that Terica has stated a negligence claim against Shameca."). In short, Cooper Tire has not shouldered its "heavy burden" of proving by clear and convincing evidence that there is no possibility that Plaintiff can establish a negligence cause of action against Coggin.[9]

---

[9] The Facebook post references are neither clear nor convincing proof that Sawyer was a "guest" in Coggin's vehicle on March 31, 2018, as opposed to a "passenger for hire."

Cooper Tire's argument that Plaintiff has "opened the door" to jurisdictional discovery falls short under *Lowery v. Alabama Power Co.,* 483 F.3d 1184 (11th Cir. 2007), which finds that "[p]ost-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11 and the policy and assumptions that flow from and underlie them[,]" and, further, sets forth the reasoning for disallowing post-removal discovery to establish a basis for exercising diversity jurisdiction. *Id.* at 1215 & 1217-18. This Court did not consider Plaintiff's statement that her son paid Coggin on March 31, 2018 to support its conclusion that Cooper Tire has failed to show by clear and convincing evidence that there is no possibility the plaintiff can establish a negligence cause of action against the resident defendant. Indeed, as Plaintiff argues in her reply, Cooper Tire's request in this regard is "tantamount to an admission that it cannot produce clear and convincing evidence that the guest statute bars Plaintiff's claim." (Doc. 17, at 1).

In light of the foregoing, this Court cannot find that joinder of the resident defendant was fraudulent. Therefore, Plaintiff's motion to remand (Doc. 11) should be **GRANTED** and this cause remanded to the Circuit Court of Mobile County, Alabama.[10]

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's motion to remand (Doc. 11) be **GRANTED** and this action **REMANDED** to the Circuit Court of Mobile County, Alabama. Plaintiff's within request for an award of attorneys' fees and costs (Doc. 11, at 9) should be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28

---

[10] In her motion to remand, Plaintiff contends that Cooper Tire's removal was objectively unreasonable and that she is entitled to an award of attorneys' fees and costs in securing remand (*see, e.g.,* Doc. 11, at 9). *See Legg v. Wyeth,* 428 F.3d 1317, 1322 (11th Cir. 2005) ("Costs are assessed in a case of improvident removal.") (internal quotation marks and citation omitted). The undersigned, however, cannot find that Cooper Tire's efforts to remove this case to federal district court were objectively unreasonable, particularly given that Plaintiff recognizes her claim against Coggin was not drafted in the most artful manner. Besides, an award of fees would allow Cooper Tire to appeal at least this aspect of the remand decision and potentially lengthen the time this case remains in the federal courts. *See Legg, supra,* 428 F.3d at 1319 & 1319-20 ("We may review the merits of a remand order in considering whether the district court abused its discretion by awarding attorneys' fees and costs under 28 U.S.C. § 1447(c). . . . While 28 U.S.C. § 1447(d) bars our review of a remand such as this one based on lack of subject matter jurisdiction, the statute does not 'exclude the district court's assessment of costs from appellate review.'").

U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 10th day of July, 2020.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**